IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RICHARDO CHAVEZ,

    Plaintiff,

v.

SOLANO COUNTY DEPUTY SHERIFF MALLAMO, SONOMA COUNTY SHERIFF'S DEPARTMENT, COUNTY OF SONOMA, and DOES 1 through 50,

    Defendants.
                            /

No. C 08-04145 WHA

**ORDER DENYING DEFENDANTS' MOTION TO DISMISS**

## INTRODUCTION

Plaintiff Richardo Chavez filed this civil rights action for monetary damages under 42 U.S.C. 1983 and 1988. Defendants Sonoma County Sheriff's Department, County of Sonoma, and Deputy Sheriff Mallamo move to dismiss all claims under FRCP 12(b)(6). Because plaintiff's addition of new defendants in the first amended complaint was due solely to misnomer and FRCP Rule 15(c)(1)(C) is satisfied, the statute of limitations does not bar the action. Defendants' motion is **DENIED**.

## STATEMENT

Plaintiff alleges that on November 1, 2006, he was unlawfully stopped, searched, and arrested. After being arrested, plaintiff alleges that $18,000 in cash was confiscated from his car and he was unable to attend a speaking engagement scheduled for that night. Based on this

1  conduct, he filed a complaint on August 29, 2009.  In that complaint, plaintiff named
2  Deputy Sheriff Mallamo but incorrectly described him as a Solano County Deputy and
3  additionally listed Solano County entities where Sonoma County should have been listed.
4  Upon discovering this mistake, plaintiff filed a first amended complaint on December 10, 2009.
5  Although this was only a little over two months after the commencement of the action, the first
6  amended complaint was filed over two years after the alleged incident occurred.  The question
7  now is whether the cure of party identity relates back to the original filing, which was timely.

**ANALYSIS**

9  The parties agree that California law provides the applicable two-year statute of
10 limitations for Section 1983 claims.  The parties dispute, however, whether federal law or
11 California law governs the application of the relation-back doctrine.  Plaintiff filed his original
12 complaint within two years but did not file the amended complaint until after the statute of
13 limitations had run.  Plaintiff claims that the amended complaint relates back to the original
14 complaint under FRCP 15(c)(1)(C) and it is still timely.  Defendants contend that California law
15 applies and does not allow relation back when new defendants are added in an amended
16 complaint.

17 FRCP 15(c) was revised in 1991.  According to the advisory committee notes, the rule
18 was changed to deal with the problem of misnamed defendants.  Under the revision, an intended
19 defendant who is notified within the period allowed under FRCP 4(m) for service of a summons
20 and complaint may not defeat an action on account of a defect in the defendant's name provided
21 three requirements are met.  *First*, the party must have received notice within 120 days after the
22 complaint is filed such that it will not be prejudiced in defending on the merits.  *Second*, the
23 party must have known or should have known that the action would have been brought against
24 it but for a mistake concerning the proper party's identity.  *Third*, the amendment must assert
25 a claim that arose out of the conduct, transaction, or occurrence set out in the original pleading.

26 In this case, the defect was cured within the allowed time frame.  Plaintiff filed his
27 original complaint on August 29, 2008.  Defendant Sonoma County was served on
28 December 24, 2008, 118 days after filing.  Defendants Sonoma County Sheriff's Department

2

and Deputy Mallamo were served on December 26, 2008, exactly 120 days after the filing. The defendants each knew or should have known that the action described in the original complaint was meant to be brought against them. Each was served with the corrected first amended complaint at the same time as the original complaint. Because the only mistake concerned the defendants' name, the parties do not dispute that it arises out of the same occurrence.

Defendants rely upon pre-1991 decisions by the Ninth Circuit holding that state law governs the relation-back doctrine for Section 1983 claims. Those decisions dealt with the situation where the plaintiff had failed to meet the standards of FRCP 15(c), so the court instead used the state law notice requirements that were more lenient. The effect of the 1991 amendments to FRCP 15(c), however, was to make clear that the rule does not apply to preclude any relation back that may be permitted under the applicable state law.

## CONCLUSION

Because the mistake in the original complaint was excusable misnomer and the parties were given notice in the allotted time frame, FRCP 15(c) applies, and the complaint was timely filed. The motion to dismiss is **DENIED**. All answers are due within **20 CALENDAR DAYS** of the date of this order, which is **MARCH 16, 2009**.

**IT IS SO ORDERED.**

Dated: February 23, 2009.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3